**ENTRY ORDER**
2023 VT 3
SUPREME COURT DOCKET NO. 22-AP-321
JANUARY TERM, 2023

| | | |
|---|---|---|
| In re George Henry Spangler | } | Original Jurisdiction |
| | } | |
| | } | |
| | } | Professional Responsibility Board |

In the above-entitled cause, the Clerk will enter:

¶ 1.     On November 30, 2022, this Court received notice that respondent George Henry Spangler, an attorney admitted to practice in Vermont, was indefinitely suspended from the practice of law in the State of Maryland.  Respondent consented to the indefinite suspension.  The Maryland Court of Appeals found that respondent violated Rules 1.1, 1.3, 1.15, 8.1(b), and 8.4(a) and (d) of the Maryland Rules of Professional Conduct.  Under the Maryland rules, an attorney who has been indefinitely suspended may petition for reinstatement no "earlier than . . . the time specified in the order of suspension."  Md. R. Attorneys, Rule 19-752(c)(2)(B).  No timeline for reinstatement is provided in the Maryland decision.

¶ 2.     Our rules provide that thirty days after receiving notice that a Vermont licensed attorney has been disciplined in another jurisdiction, this Court "shall impose the identical discipline unless the Court finds that upon the face of the record from which the discipline is predicated it clearly appears, or disciplinary counsel or the lawyer demonstrates," that such discipline would be unwarranted under the grounds set forth in Administrative Order 9, Rule 24(D).  Accordingly, this Court issued an order providing respondent and Disciplinary Counsel the opportunity to inform the Court within thirty days of any claim that the imposition of identical discipline by this Court would be unwarranted on such grounds.  Absent such a showing, the imposition of discipline for misconduct in another jurisdiction "establish[es] conclusively the misconduct" for the purpose of imposing the identical discipline in this State.  A.O. 9, Rule 24(E).  Neither respondent nor disciplinary counsel raised any claim that the imposition of identical discipline would be unwarranted.

¶ 3.     The Vermont Rules Governing Establishment and Operation of the Professional Responsibility Program do not provide for an "indefinite suspension."  Instead, suspensions must be "for an appropriate fixed period of time not in excess of three years."  A.O. 9, Rule 15(A)(2); see A.O. 9, Rule 15(A), (A)(2) (providing in relevant part that "[m]isconduct shall be grounds for one or more of the following sanctions: . . . Suspension for an appropriate fixed period of time not in excess of three years"). Attorneys suspended for longer than six months must apply for reinstatement; disbarred attorneys may apply for reinstatement after five years.  See A.O. 9, Rule 26(A)-(E).  We consider disbarment to be most akin to an "indefinite suspension" under the Maryland Rules, particularly given that no timeline was provided in the Maryland order to allow respondent to apply for reinstatement.  Therefore, finding no basis in the record to conclude that

the imposition of identical discipline in this State would be unwarranted, an order of disbarment is hereby entered.

Respondent George Spangler is hereby disbarred from the practice of law in Vermont. Respondent shall comply with the requirements of Administrative Order 9, Rule 27.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice